

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

*See amendment to Art 1577 V.C.S.*

March 3, 1971

Honorable Robert F. Atkins
County Attorney
San Jacinto County Courthouse
Coldspring, Texas 77331

Opinion No. M-799

Re:     Authority of a County to
        lease its property.

Dear Mr. Atkins:

Your recent letter requesting an opinion from this office poses the following question:

> "Whether the Commissioners' Court of
> San Jacinto County can lease to private individuals
> a portion of the old State Highways and Farm-to-
> Market Roads that have been turned back to the
> County? "

A general statement of law applicable to powers of the Commissioners' Court is set out in the following statement:

> "Although the commissioners' court, as
> the acting governing body of the county, has juris-
> diction touching in some respect almost every
> feature of the county's business, its power extends
> only to such business of the county as is entrusted
> to it by the constitution or statute.  In other words,
> the jurisdiction of the commissioners' court over
> the county business is not general and all-inclusive,
> but is limited to matters or powers specifically
> covered by the constitution and statutes.  The court
> does not have general police powers.  Moreover, it
> must conform to the statutory mode prescribed for
> the exercise of its powers. "  15 Tex. Jur. 2d 261-2,
> Counties, Section 35, and cases there cited.  (Em-
> phasis added. )

Article 2351,[1] in part, provides that:

"Each commissioners' court shall:

". . .

"3.    Lay out and establish, change and dis-
        continue public roads and highways.

". . .

"6.    Exercise general control over all roads,
        highways, ferries and bridges in their
        counties.

". . .

"15.    Said court shall have all such other powers
        and jurisdiction, and shall perform all such
        other duties, as are now or may hereafter
        be prescribed by law. " (Emphasis added. )

While Article 1577 deals with the sale of real estate by the
county, there is no language therein that either expressly or neces-
sarily implies that a county may lease its own property for any pur-
pose. Since its amendment in 1953 (Acts 53rd Leg. , R.S. , Ch. 133,
p. 447), Article 1577 has constituted the general authority of a county
to sell or dispose of real estate, with no provision therein contained for
leasing land. We find no cases of any appellate court having construed
this Article with reference to the power of a county to lease land.

We do find several statutes authorizing a county, or certain
counties, to make a lease of county owned land for certain purposes
and under specified conditions:

(1)    an airport, Articles 2351, subdivision 18(a) and Article
        1269h, subdivision D (Attorney General Opinion No.
        M-758 (1970) so holding);

---

1        All references to Articles are to Vernon's Civil Statutes.

(2) county hospital: Articles 4494a, 4494b, 4494c, 4494d, 4494e, 4494f, 4494g, 4494h, 4494j, 4494k, 4494l, and 4494m.

This office has consistently held since February 17, 1948, that there is no general authority conferred by the Constitution or statutes authorizing the Commissioners' Court to lease its property. Attorney General Opinions Nos. R-1073 (1948); V-1085 (1950); V-1457 (1952); and C-678 (1966). In view of the foregoing, it will be presumed that the Legislature has had knowledge of this departmental construction, and having met numerous times without amending the statutes to provide authority for counties to lease property, it has acquiesced in that construction and did not desire to grant general authority to counties to lease property. Likewise, it is settled that the courts will ordinarily adopt and uphold the statutory construction of the Attorney General if such is deemed reasonable. 53 Tex. Jur. 2d 262-263, Statutes, 177, further stating:

"In particular, an opinion or ruling of the Attorney General is highly persuasive and will be carefully considered and followed in case of doubt as to the proper construction to be given a statute."

We hold, therefore, that in the absence of a statute conferring upon the county the authority to lease its property, such authority does not exist. Consequently, even assuming that title to the abandoned highway property is in the county, the Commissioners' Court of San Jacinto County is without authority to lease it or any portion thereof.

## SUMMARY

There is no existing general statutory authority authorizing a county to lease its property for any purpose, and before any county may lease its property, the Legislature would have to enact appropriate legislation empowering counties to lease their property.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Edward B. Rather
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Merrill Finnell
Arthur Sandlin
Bob Lattimore
Max Hamilton

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant